# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2986 | **DATE** | 6/17/2008 |
| **CASE TITLE** | J.B. Anderson (2007-009044) v. Cermak Health Services | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [3] is granted. The trust fund officer at the plaintiff's place of confinement is authorized to deduct $9.40 from the plaintiff's account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Summonses shall not issue at this time. The current complaint is dismissed without prejudice to plaintiff submitting an amended complaint (plus a judge's copy and service copies) within 30 days. The clerk is directed to provide plaintiff with an amended civil rights complaint form and instructions. Failure to file an amended complaint within 30 days of the date of this order will result in dismissal of this case.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

    The plaintiff, J.B. Anderson, currently incarcerated at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Naming Cermak Health Services and an unknown program services administrator as defendants, the plaintiff claims that he was unable to obtain dental treatment.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.40 The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The plaintiff shall remain responsible for this payment obligation, and trust fund officials at the Cook County Jail shall notify transferee authorities of any remaining balance in the event that the plaintiff is transferred.
**(CONTINUED)**

isk

**STATEMENT (continued)**

    Although the plaintiff may proceed *in forma pauperis*, he must submit an amended complaint, as the complaint currently before the court does not name proper defendants. Cermak Health Services is not a suable party and thus not a proper defendant. *See Manney v. Monroe*, 151 F. Supp.2d 976, 988 (N.D. Ill. 2001). Nor may plaintiff generally refer to the personnel at Cermak or the jail as defendants. Plaintiff's current complaint is dismissed without prejudice to plaintiff submitting an amended complaint that names proper defendants.

    In order to proceed with this case, the plaintiff must submit an amended complaint that names the individuals personally involved with the events that are the subject of his claim, such as the jail officers or officials who allegedly ignored plaintiff's request for dental assistance. If plaintiff is unable at this time to identify the individuals personally involved, he may refer to those individuals as "John Doe" or "Jane Doe" and then name a supervisory official for the purpose of discovering the identity of the unknown defendants. *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Once the amended complaint has been served on the supervisory official and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information to obtain the identity of the unknown defendants. *See* Fed. R. Civ. P. 33. After the plaintiff learns the identities of the unknown defendants, he may again seek to amend the complaint to substitute their names for those of the John or Jane Doe defendants. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

    The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge, and submit a sufficient number of copies for service on each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, the plaintiff must state all the claims he seeks to raise and name all the defendants he seeks to sue in this case in the amended complaint. The court will not refer to prior complaints to determine the claims and defendants to this action. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The clerk shall forward an amended civil rights complaint form to the plaintiff.