# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2986 | **DATE** | 7/23/2008 |
| **CASE TITLE** | J.B. Anderson (2007-0090044) v. Cermak Health Services | | |

**DOCKET ENTRY TEXT:**

Plaintiff has filed an amended complaint in accordance with the Court's June 17, 2008 order. The clerk shall issue summonses for service of the amended complaint [7] by the U.S. Marshal on defendant T. Mueller. Tom Dart is dismissed as a defendant. Summonses for the John Doe defendants shall not yet issue.

■ [**For further details see text below.**]  Docketing to mail notices.

# STATEMENT

Plaintiff, J.B. Anderson, currently incarcerated at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has not been able to obtain dental treatment in jail. By order of June 17, 2008, the Court directed plaintiff to submit an amended complaint that named suable parties, which plaintiff has done. Naming Tom Dart (Cook County Sheriff) and T. Mueller (Administrator of Program Services), plaintiff alleges that he filed several requests for dental treatment, that he was unable to see a dentist, and that Mueller acted in an "unprofessional manner."

A preliminary review of the amended complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff has stated a colorable cause of action against defendant T. Mueller, such that this defendant must respond to the amended complaint. *See Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007). However, the amended complaint states no allegations against Tom Dart. Dart is dismissed as a defendant. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Although the Court previously advised plaintiff that he may name a supervisory official in order to learn the identities of unknown defendants, plaintiff may forward discovery requests to the attorney for T. Mueller for this purpose, once an attorney enters an appearance. Plaintiff's failure to attempt to learn the identities of the John Doe defendants within a reasonable amount of time after an attorney enters an appearance for T. Mueller may result in dismissal of the claims against them for failure to prosecute. Also, plaintiff is advised that there is a two-year statute of limitations for 42 U.S.C. § 1983 actions in Illinois.
**(CONTINUED)**

isk

**STATEMENT (continued)**

The United States Marshals Service is appointed to serve defendant T. Mueller, Administrator of Program Services at the Cook County Jail . Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to a former jail employee who no longer can be found at the work address provided by plaintiff, Cook County Jail authorities shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.